**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

ALBERTA TELECOMMUNICATIONS
RESEARCH CENTRE, d/b/a
TR LABS, a Canadian Corporation,

    Plaintiff,

v.                                              Civil Action No. 3:05cv789

RAMBUS INC., a California
Corporation,

    Defendant.

**MEMORANDUM OPINION**

    Alberta Telecommunications Research Centre, d/b/a TR Labs ("Alberta"), a Canadian Corporation, instituted this action against Rambus Inc., a California corporation, alleging that two Rambus patents, U.S. Patent No. 5,243,703 (the "'703 patent") and U.S. Patent No. 5,945,804 (the "'804 patent") interfered with Alberta's U.S. Patent No. 5,361,277 (the "'277 patent").  Alberta also asserted an infringement claim based on Rambus' licensing activities and a claim for unjust enrichment.  By way of relief, Alberta asks that the Court order the United States Patent and Trademark Office ("PTO") to assign the claims of the '703 and '804 patents to Alberta pursuant to 35 U.S.C. § 291, to require Rambus to disgorge its profits from royalty revenues from the '703 and '804 patents, to require Rambus to pay Alberta damages in not less than the amount of a reasonable royalty, to require payment by Rambus of treble damages to Alberta, and for prejudgment interest

and attorneys' fees. Alberta also seeks an order enjoining Rambus from any further licensing of its '703 and '804 patents and other ancillary injunctive relief.

This matter is before the Court on the Defendant Rambus Inc.'s Motion To Transfer (Docket No. 9) pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, Rambus' motion will be granted and the action will be transferred to the United States District Court for the Northern District of California.

### STATEMENT OF FACTS

Alberta is a Canadian non-profit research consortium with its principal place of business in Edmonton, Alberta, Canada. It is the owner of the '277 patent. Rambus is a Delaware corporation with its principal place of business in Los Altos, California. Rambus is the owner of the '703 patent which is now expired because Rambus did not pay the renewal fees for registration. The Complaint alleges that the inventor of the '277 patent, Dr. Wayne Grover, conceived of the invention of that patent by May 1987, and had reduced the invention to practice by July 1987. The Complaint further alleges that the inventors of the '703 patent, Drs. Farmwald and Horowitz, did not have a complete set of ideas until early 1990 respecting the claims of the '703 patent. Rambus licensed the '703 patent as part of its patent portfolio, as it did the '804 patent.

It appears from the record that none of the witnesses necessary to litigate this case are in, or have a connection with, the Eastern District of Virginia. The record discloses that none of the documents that would be discovered in the litigation are located in this district. Neither Alberta nor Rambus have offices in this district and neither is a resident of this district. It is clear that this action could have been brought in the United States District Court for the Northern District of California.

Alberta apparently disputes none of those facts. Instead, it bases its contention that venue is not only proper, but is preferable, in this district based on the decision of this Court in Samsung Electronics Co. LTD v. Rambus Inc., 386 F. Supp. 2d 708 (E.D. Va. 2005). It is Alberta's theory that Rambus' patent licensing efforts were an integral part of the patent interference that is alleged in Count I of Alberta's Complaint and of the patent infringement that is alleged in Count II of Alberta's Complaint. From that point of departure, Alberta bases its venue position on the finding in Samsung that:

> [T]hrough 1998 and 1999, and even into early 2000, Rambus and its outside counsel carefully planned Rambus' patent litigation and, in so doing, Rambus and its counsel put considerable effort into identifying potentially advantageous forums in which to conduct patent litigation against specifically identified targets. After extensive and meticulous study and deliberation, Rambus determined that the Eastern District of Virginia was among the three best locations for conducting Rambus' patent litigation. And, among the priority

>  potential targets for that litigation was Samsung.

Samsung, 386 F. Supp. 2d at 717. Relying largely upon that finding, Alberta alleges that it "selected a forum with a 'factual nexus'" to its claims. Rambus asserts that the findings in Samsung are insufficient to warrant continuation of this action in this district.

**DISCUSSION**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) requires the district court to "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh, Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)). The moving party bears the burden of demonstrating that a transfer of venue warranted under § 1404(a).

The first matter to be determined is the level of deference that should be given to Alberta's choice of this forum in which to adjudicate its claims. Ordinarily, the plaintiff's choice of forum is given considerable deference. However, when the plaintiff "'chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to such substantial weight.'" Telepharmacy Solutions,

Inc. v. Pickpoint Corp., 238 F. Supp. 2d 741, 743 (E.D. Va. 2003) (quoting Cognitronics Imaging Sys. v. Recognition Research, Inc., 83 F. Supp. 2d 689, 696 (E.D. Va. 2000)).[1] Nonetheless, "the plaintiff's choice of forum is certainly a relevant consideration so long as there is a connection between the forum and the plaintiff's claims that reasonably and logically supports the plaintiff's decision to bring the case in the chosen forum." Samsung, 386 F. Supp. 2d at 716.

In the Samsung litigation, on which Alberta relies exclusively to defend its choice of venue, there was a significant connection between the forum and the plaintiff's claim for declaratory relief. In Samsung, a considerable amount of the activity and the alleged misconduct that formed the core of Samsung's claim for declaratory relief occurred in this district, occurred in discovery conducted in litigation pending in this district, or occurred in anticipation of litigation that Rambus intended to conduct in this district. In this case, no such nexus can be found.

The second and third factors are the convenience of the parties and the convenience of the witnesses. On the record in Samsung, Rambus did not satisfy its burden on the party convenience

---

[1] As explained in Samsung, "[w]hen the plaintiff's choice of forum is neither the nucleus of operative facts, nor the plaintiff's home forum, the plaintiff's choice is accorded less weight." Samsung, 386 F. Supp. 2d at 716 (citing Intranexus, Inc. v. Siemens Medical Solutions Health Services Corp., 227 F. Supp. 2d 581, 583 (E.D. Va. 2002)).

factor or the witness convenience factor.  On this record, Rambus has demonstrated that the nature of the claims are such, the nature of the basic litigation are such, and the nature of testimony to be presented are such that it would be more convenient for the parties and the witnesses to transfer the case to the Northern District of California.

Of course, the principal factor animating a transfer under § 1404(a) is the "interest of justice" factor.  As explained in Samsung, the interest of justice encompasses a number of factors including "public interest factors aimed at 'systemic integrity and fairness.'" Samsung, 386 F. Supp. 2d at 721 (quoting Stewart Org. Inc., 487 U.S. at 30).  Among the consideration to be taken into account in ascertaining systemic integrity is the assessment of whether a party is attempting "to game the federal courts through forum manipulation."  Samsung, 386 F. Supp. 2d at 721 (citing The Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc., 249 F. Supp. 2d 12, 15 (D. Mass. 2002)).  In Samsung, it was Rambus that was attempting to game the system.  On this record, there is no basis upon which to conclude that Rambus is pursuing such an objective.  Indeed, by pressing, in this Court, a claim with so very little connection to the forum and by relying on a decision (the Samsung decision) that is not at all apposite to the fact situation here, it appears that Alberta is engaged in forum manipulation.

Finally, in Samsung, considerations of judicial efficiency and economy strongly supported venue in this district. Those same considerations are not present in this action.

Considering all of the applicable factors that are at issue in this action, the Court concludes that Rambus has met its burden of establishing its burden under § 1404(a) in demonstrating that the transfer of venue is appropriate to the United States District Court for the Northern District of California.[2]

**CONCLUSION**

For the foregoing reasons, the Defendant Rambus Inc.'s Motion To Transfer (Docket No. 9) is granted and the Clerk is directed to

---

[2] Accordingly, it is not necessary for the Court to rule on Defendant Rambus Inc.'s Motion to Dismiss (Docket No. 11). That motion presents a challenge to in personam jurisdiction and to venue in this forum. There is no reason to decide those issues given that Rambus concedes that there is personal jurisdiction over it and that venue is proper in the transferee forum. Rambus also moved to dismiss each of the three counts in Alberta's Complaint under Fed. R. Civ. P. 12(b)(6). Those motions can be presented to, and decided by, the transferee court. Also, Rambus asserted that there was lack of subject matter jurisdiction over the claim for interference relating to the '703 patent. Concerned about whether it could transfer the case under § 1404(a) (without deciding the subject matter jurisdiction respecting Count I), the Court called for additional briefing. Having considered the additional briefing, the agreement of the parties that transfer is appropriate without deciding the subject matter jurisdiction issue as to Count I, and having satisfied itself that the Court has jurisdiction to transfer the action without deciding that issue, it is also appropriate to leave that issue to the transferee court. Accordingly, it is unnecessary for this Court to consider the motion to dismiss in any of its particulars.

transfer this file in its entirety to the United States District Court for the Northern District of California.

The Clerk is directed to send a copy of this Order to all counsel of record and to the Clerk of the United States District Court for the Northern District of California.

It is so ORDERED.

/s/<br>Robert E. Payne<br>United States District Judge

Richmond, Virginia
Date: April 12, 2006